UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANGELA HUNTER,
    Plaintiff,

CASE NO: 5:13-CV-2749

vs.

THE BOARD OF COUNTY
COMMISSIONERS FOR
WAYNE COUNTY OHIO

    Defendant.
_____/

## COMPLAINT

Plaintiff, Angela Hunter ("Plaintiff"), through undersigned counsel, hereby files this Complaint and sues The Board of County Commissioners for Wayne County Ohio for injunctive relief, attorney's fees and costs pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973 and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, (hereinafter referred to as the "ADA") 42 U.S.C. §12131-12134, and its implementing regulation, 28 C.F.R. Part 35, as well as § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq*. ("the Rehabilitation Act"). This Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343.

2. Venue is proper in this Court, the Eastern Division of the Northern District of Ohio pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Ohio.

3. Plaintiff, Angela Hunter (hereinafter referred to as "Hunter") is a resident of the State of Ohio and is a qualified individual with a disability under the ADA. Hunter suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she is a C-4 quadriplegic, requires the use of a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the instant action, Hunter visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA and barriers to access listed in paragraph 22 that she personally encountered. Hunter continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, The Board of County Commissioners for Wayne County Ohio (hereinafter referred to as "Wayne County") is political subdivision of the State of Ohio and is a public entity as defined by Title II of the ADA and is the operator, owner and/or lessee of the programs and services as well as the facilities, real properties and improvements which is the subject of this action, specifically the Wayne County Administration Building and the Wayne County Fairground. Upon information and belief, the Wayne County is the operator, owner and/or lessee of the programs and services offered by the Wayne County Fairground as well as the facilities, real properties and improvements that are the subject of this action, specifically the Wayne County Administration Building and the Wayne County Fairground (hereinafter referred to as the as the "County Facilities" collectively).

5. All events giving rise to this lawsuit occurred in the Northern District of Ohio.

**COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

6.  Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1-6 as if expressly contained herein.

7.  On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

8.  In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

9.  "Public entity" is defined as "any state or local government" or "any department, agency…..of a state…..or local government." 42 U.S.C. § 12131(1)(A) and (B).

10.  Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities is as effective as communications with others 28 C.F.R. §35.160(a).

11.  Discrimination occurs when a person with a disability is "excluded" from participation in or [is] denied the benefits of the services, programs or activities of a public entity…" 42 U.S.C. § 12132.

12.  The U.S. Department of Justice ("DOJ") has promulgated federal regulations to implement the ADA. In addition, the ADA Accessibility Guidelines ("ADAAG") establishes the standards to which public entities must conform in order to comply with the ADA. The ADAAG (ADA Standards for Accessible Design, 36 CFR Part 1191, Appendices B and D)[1] applies to the

---

[1] Plaintiff recognizes that compliance with the earlier version of ADAAG codified at 28 CFR Part 36, Appendix A can provide safe harbor to the Defendant with regard to the new ADAAG in effect as of March 15, 2012. However, with respect to the specific barriers to access alleged in Paragraph 22, herein below, Plaintiff asserts the Defendant has not complied with either the old 1991 ADAAG or the new version cited herein and the failure to do so has rendered many programs, services and activities offered by Defendant at the County Facilities (perhaps all of them) inaccessible to wheelchair users such as Plaintiff.

Defendant's facilities at issue in this matter, regardless of whether they are of new or old construction, since removal of these barriers described herein is readily achievable and not unduly burdensome within the meaning of the ADA. 42 U.S.C. §§ 12134(c) and 12204.

13.     Defendant was required to have completed structural changes in its facilities over eighteen years ago, and, in any event, no later than January 26, 1995.  Defendant has failed to complete the required structural changes to achieve equal program, service or activity access to the County Facilities.

14.     Defendant has known for at least twenty years of its duties and obligations under Title II of the ADA to complete the necessary and required structural changes.  Defendant has arbitrarily and intentionally refused to complete the necessary and required structural changes to the subject facilities by the January 26, 1995 date as mandated by federal law.

15.     Defendant's failure to have fully implemented all structural modifications at the County Facilities has denied and continues to deny Plaintiff full, safe and equal access to Defendant's programs, services and activities that is otherwise available to persons without disabilities at the subject facilities.

16.     Defendant has engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of her disability.  Defendant directly participated in or acquiesced in the conduct or acts of omission described in this Complaint.  Defendant's discrimination against Plaintiff solely on the basis of her disability has been, and continues to be, arbitrary, knowing and intentional.

17.     Under Title II of the ADA, the programs and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity.

28 C.F.R. §35.149-150. It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding of operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion" 28 C.F.R. §35.150(a)(3). Defendant cannot meet this burden.

18. Plaintiff was subjected to discrimination when she attempted to access the facilities and avail herself to the programs and services offered at and by Defendant. Plaintiff continues to desire to return and therefore will continue to suffer discrimination by Defendant in the future as the violations and lack of equal and safe access to the programs, services and facilities at the subject facilities continues to exist.

19. Defendant has discriminated against Plaintiff by denying her full and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §12101 *et seq.*, and by failing to remove architectural barriers pursuant to 28 CFR §§35.150 and 35.151.

20. Defendant has discriminated, and continues to discriminate against the Plaintiff, and others who is similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the subject facilities in derogation of Title II of the ADA, 42 U.S.C. § 12101 *et seq*

21. Plaintiff has been subjected to discrimination and has suffered an injury in fact due to the lack of wheelchair accessible routes, parking, and toilet rooms.

22. Defendant is in violation of 42 U.S.C. § 12101 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against Plaintiff due to the following violations, *inter alia*:

5

### Wayne County Administration Building

i. Signage at many of the parking spaces designated as accessible is too low to be viewed over a parked vehicle;

ii. The paint at parking spaces designated as accessible is faded;

iii. One of the curb ramps provided contains a change in level greater than ¼-inch at the transition leading from the pavement onto the curb ramp;

iv. One of the curb ramps provided contains a gap in the pavement that is greater than ¼-inch;

v. The double leaf entry doors leading into the treasury office, the visitor's bureau office, the recorder's office and the auditor's office have leafs that are too narrow for a wheelchair user;

vi. The hall call buttons for the elevator are too high for a wheelchair user;

vii. Within the elevator, the call buttons are too high for a wheelchair user;

viii. There are no floor designations or Braille designations on the elevator door jambs at any floor level;

ix. Service counters throughout the Administration Building are too high for a wheelchair user.

### Wayne Fair Grounds

x. The parking designated as accessible is located in a grass lot and is not striped and no access aisles are provided, nor is van accessible parking provided;

xi. The path of travel from the parking lot to the County Facilities is graveled, contains pot holes and abrupt changes in level and is not firm and slip resistant and no wheelchair accessible route is provided;

xii. There are no wheelchair accessible shuttles provided to and from the parking area;

xiii. The walkways throughout the park have areas that have broken pavement causing abrupt changes in level such that all elements are not connected by a wheelchair accessible route;

6

xiv. There is no directional signage indicating the location of wheelchair accessible toilet rooms posted at inaccessible toilet rooms or elsewhere and an insufficient number of wheelchair accessible toilet rooms is provided;

xv. One women's toilet room designated as accessible has a ramp that is too steep and a threshold that has an abrupt transition that is too high for a wheelchair user to enter, and the following barriers located within:

1. The showers are not accessible such that a step must be traversed to enter;

2. The plumbing is not insulated beneath one of the lavatories as necessary to prevent burning and the other two lavatories have insufficient knee clearance due to the presence of cabinetry;

3. The hardware at the lavatories requires tight grasping, pinching and twisting of the wrist to operate;

4. There is no standard wheelchair accessible toilet stall provided, only an ambulatory accessible stall is provided that is unusable by a wheelchair user;

5. The paper towel dispensers are mounted too high for a wheelchair user;

6. The mirror is mounted too high for a wheelchair user;

xvi. There is no accessible path of travel to the accessible toilet rooms near the horse arena;

xvii. In the single user toilet room, the toilet paper dispenser is mounted too high for a wheelchair user and has a handle that requires tight grasping, pinching and twisting of the wrist to operate;

xviii. At the arena/grandstand area there is a steep hill on both sides that must be traversed to enter this area and no accessible route is provided;

xix. The section that is reserved for a wheelchair user is not marked and forces a wheelchair user to navigate downhill over broken pavement and a dip in the cement;

xx. The toilet rooms nearest the "accessible" seating area are not wheelchair accessible;

xxi. Some of the buildings where there are exhibits during the fair have abrupt transitions that are too high and some have ramps that are too steep for a wheelchair user;

xxii. At the building where the Sherriff's department is located during the fair, there is a built up curb ramp that is too steep for a wheelchair user and at the level portion of the sidewalk there is broken pavement containing abrupt changes in level;

xxiii. The building that has the Secretary's office has a sloped area to the entry that is too steep for a wheelchair user.

23. There is other current barriers to access and violations of the ADA at the County Facilities which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations and barriers to access be identified.

24. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Wayne County pursuant to 42 U.S.C. § 12205.

25. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject programs, services and facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject programs, services and facilities until the requisite modifications is completed.

WHEREFORE, the Plaintiff demands judgment against Wayne County and request the

following injunctive and declaratory relief:

    A.    That the Court declares that the programs, services and facilities owned, operated and administered by Defendant, is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court awards such other and further relief as it deems necessary, just and proper.

### **COUNT II – VIOLATION OF THE REHABILITATION ACT**

26. Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 5 of this Complaint.

27. As more fully described above, Plaintiff is an individual with a disability.

28. Furthermore, the Plaintiff is a resident of Ohio who does or would like to frequent the subject facilities that are currently inaccessible as described above and herein, and is otherwise qualified to use and enjoy the programs, services and benefits provided by Defendant in the Wayne County Administration Building and the Wayne County Fairground, including but not limited to the County Facilities.

29. Defendant's acts and omissions that result in unequal access to the programs, services, facilities and activities provided by Defendant as alleged herein is in violation of Section 504 of the Rehabilitation Act as codified in 29 U.S.C. § 794 *et seq.*, and the regulations promulgated thereunder which is codified in 34 C.F.R. § 104 *et seq.* Defendant is the direct recipient of federal funds sufficient to invoke the coverage of Section 504, and is unlawfully and

intentionally discriminating against Plaintiff on the sole basis of the disabilities of Plaintiff. Upon information and belief, the programs, services and activities at issue in this cause at the County Facilities have benefited from federal financial assistance.

30. Solely by reason of disability, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in her attempts to receive full, safe and equal access to the services offered by Defendant.

31. Defendant is in violation of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. §794 and is discriminating against the Plaintiff due to the violations detailed in paragraph 22 above, which is incorporated herein by reference.

32. Upon information and belief, there are other current violations of the Rehabilitation Act at the County Facilities and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

WHEREFORE, the Plaintiff demands judgment against Wayne County and request the following injunctive and declaratory relief:

- A  That this Court accept jurisdiction of this case and declares that the programs, services and facilities owned, operated and administered by Wayne County is discriminatory and is violative of the Rehabilitation Act;

- B.  That the Court enter an order requiring Wayne County to alter its programs, services and facilities to comply with federal law and regulations to make them accessible to and usable by individuals with disabilities to the extent required by the Rehabilitation Act;

- C.  That the Court enter an order directing Wayne County to evaluate and neutralize its policies, practices, and procedures toward individuals with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

- D.  That the Court enter an order mandating that Wayne County undertake a self-evaluation and that such evaluation contain a description of all of Defendant's programs, services and facilities; a review of all policies and practices that govern the administration of such programs, services and facilities; and an analysis of

   whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

E. That the Court enter an order mandating Wayne County to expeditiously make all reasonable and appropriate modifications in its policies, practices and procedures, provide effective signage, remove all architectural barriers that would not cause an undue financial or administrative burden or cause a fundamental alteration to the program or activity, provide alternative means when necessary; and, otherwise, take all such steps as is reasonable and necessary to ensure that persons with disabilities is no longer excluded, denied services, segregated or otherwise treated differently and discriminated against at the subject facilities;

F. Awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiff;

G. Retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court and awarding such other, further or different relief, as the Court deems necessary, just and proper.

Dated this 13th day of December 2013.

        Respectfully submitted,

        By: /s/ Michael A. Chester
           Michael A. Chester, Esq.
           Alabama State Bar No.: ASB-3904-L74C

**OF COUNSEL:**
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: mchester@szalaw.com

11